Sutliff, J.,
dissenting. The record, as presented, imports absolute verity. The fact of its amendment may or may not explain the reason of the holding of the court below. It is, however, a fact foreign to our inquiries. The members of this court are unanimous in the opinion that the court erred in excluding the proof offered in the case by the plaintiff in error. But it is a rule of law that to entitle the party to a reversal of the judgment, there *must not only be error in the proceedings, but it must also *11 appear to be error to Ms prejudice. Under an application of this-reasonable rule, a majority of the court have come to the conclusion that the judgment below ought not to be reversed.
In that conclusion I find myself unable to concur. I can not avoid the conclusion that, by a fair application of the rules of law to the facts of this case, the judgment of the district court ought tobo reversed; and I will briefly give the reasons that have led me-to this conclusion.
The constitutional provision that no person shall be deprived of his property but by due course of law, as well as the long-established- and well-understood principles of the common law, give to every party to a civil suit in court, a right to introduce proof in support, of the issue of fact, upon his part, on the trial. To exclude, without, cause, a competent witness, introduced to give testimony in support of the claim of the suitor so introducing the witness, is an error-which is presumed to be to the prejudice of the party so wrongfully-denied a hearing of his proof.
A bare statement of the case under consideration is an illustration-of the correctness' of the foregoing proposition.
The suit was brought upon a bill of exchange drawn by Smith,, one of the defendants below, and indorsed by the other defendant, (the plaintiff in error) as an accommodation indorser, for $2,000, upon W. H. Sabin, Esq., of Onondaga Hollow, N. Y., payable thirty-days from date, and dated at Perrysburg, Ohio, December 17,1835.
The plaintiff, John P. Reznor, who had, shortly previous to commencing the suit, obtained the bill of exchange from his brother,. William P. Reznor, insisted, upon his part, that over $1,000 remained due and unpaid thereon. The defendants, Smith and Hollister,, both insisted that the sum had been paid, and their liability fully-discharged, while the paper was in the hands of Wm. P.; and that,. *before transferring it to his brother John P. he had admitted the fact.
The plaintiff, to support his claim upon the trial (which took place in 1854), gave in evidence the bill of exchange, upon which, appeared to have been indorsed, as receipted by Wm. P. Reznor. July 9,1836, the sum of $1,546.50; and also the deposition of Wm. P. Reznor, and the deposition of one Oliver B. Finley, and rested.
The defendants thereupon introduced the witness Bates, “to-maintain the issue on their part,” as the record states, to prove « certain conversations that then and there tools: place between said *12 witness and ffm. P. Reznor (while holding the bill of exchange), .and a year or two prior to the commencement of this suit, in regard to said draft and the liabilities thereon; to the admission of all which evidence plaintiff objected, and the court then and there sustained said exceptions, and refused to permit the defendants to prove said ■conversations.”
The defendants below had the same right upon the trial to prove the admissions of William P., who had continued to hold the bill of •exchange for more than ten years after overdue, in relation to the same having been fully paid, that they would have had if he had continued to hold it and had himself brought the suit upon it. After •so long a time had intervened, the representations of the party so holding the note might be of greatest importance. Owing to the death and removal of living witnesses, and forgetfulness from lapse ■of time, other means of proof must have become greatly diminished .and limited. Under such circumstances, it seems to me almost equivalent to a general denial to the defendant to introduce any proof upon the issue, to prohibit him from introducing the proof he offered in this case. And we all agree that the court below wrongfully excluded this proof.
But the majority-of the court think that the same rule applies to a case of wrongfully excluding competent proof *which is applicable to the case of wrongfully admitting incompetent proof. I do not so understand the rule.
Where the proof is admitted, the proof being before the court can be put on the record and its import and bearing upon the issue •shown; and if the party has been prejudiced, or thinks himself to have been, it is to be presumed that he will avail himself of this .right, and carry the proof into the record. The same remark applies to written evidence, which has been offered by a party, and •wrongfully excluded ; and in both of these cases, I admit, the party -excepting to the ruling of the court, must set forth upon the record •so much of the proof, or its import, as is sufficient to show that he has been prejudiced by such erroneous holding of the court.
But I do not understand that rule as extending to the case of the •exclusion of competent witnesses, as applied in this case. It is impossible for the court or the party to know the import and bearing •of the evidence, until it is uttered; and by excluding the witness, the court precludes the party from putting the evidence upon the ¡record. Suppose the same holding applied generally by that court *13 to all witnesses, admitted to be competent, introduced by the defendants. This court would, of course, be unanimous, as in this-case, that the court below had erred in their holding, in the exclusion of the defendants’ witnesses, so introduced “ to maintain the issue on their part.” And yet, under the application of the-rule, as insisted upon by the majority of the court in this case, the judgment below would be affirmed, for the reason that it did not appear by the record what testimony the witnesses would have given,. if not excluded; whether it would have made for, or against the-defendants. And the court would therefore assume, that the defendants were not prejudiced by being prohibited from introducing-any witnesses on the trial.
Nor can this objection to such an application of the rule by the majority of the court be avoided, by insisting that *the party introducing a witness, might state what he expected to prove by the witness. It would, I apprehend, be a novel rule to the legal profession; not to require the objector to state his objection to a. competent witness, when he made it, but to require the party introducing a competent witness to show causo why he should not. be excluded; and this on a general objection; and without any reason for such exclusion being stated by the objector. But very' often it would not be in the power of the plaintiff to state, in truth, what a witness would testify. The witness may be a friend of the opposite party, and refuse to inform the party subpenaing him, before sworn, what he can or will testify. The party subpenaing. the witness, may have proceeded upon the information that the other party had been in the habit of communicating with the witness freely upon the subject; that the witness had been his clerk, or in such a relation at the time of the transaction as to render it probable that his testimony would be highly important for the-party introducing him; and the very fact of his refusing to hold any communication upon the subject, or inform the party producing him as a witness, in relation to the nature or extent of his-knowledge, under certain circumstances, would be good cause for supposing that his evidence would be prejudicial to the opposite party, and favorable to the party so introducing him. And yet,, under the application of the rule as applied in this case, how would. it be possible for the party introducing the witness, to avail himself of his right to his testimony, when the witness had been so wrongfully excluded ? This court, it is true, say it is error in the- *14 -court below excluding him; and we would certainly give you a chance to introduce the testimony in the case, if you had only .given us the substance of the testimony upon the record, and thus -shown us its materiality. But as it is, say the court, we do not know but the witness might have testified only to something foreign to the issue: or, perhaps, adversely to your interest; or even have obstinately stood mute ; and it therefore does not appear from the record that you have been prejudiced by this error of -excluding your proof.
Again, it not unfrequently happens that an impartial and honest ■witness is found who, for some reason satisfactory to himself, refuses to have any communication with either party or 'attorney, in relation to what he can testify; and yet, when introduced and .■sworn, his testimony is found to be of vital importance in the case. And other cases might be mentioned, where, for different reasons, the witness has made no disclosures of the nature and extent of ■the testimony he could give until expressed under oath as a witness upon the stand. But if the court wrongfully excludes the witness in such cases, and refuses to let him be sworn and testify, how can the party spréad upon the record the substance of his testimony? Neither the court nor party have any means of knowing what evi-dence is excluded in. such a case.
I think none of the cases referred to will be found to sustain the rule as applied by my brethren in this case; an'd for the reasons stated, I feel myself bound to dissent from their holding.